UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                        CRIMINAL ACTION

VERSUS                                                                        NO. 09-373

HERMAN MCMILLAN                                               SECTION "K"(3)

## ORDER AND REASONS

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody (Doc. 376) filed by Herman McMillan. For the reasons that follow, the Court will grant the motion and order the defendant to be resentenced.

**Background**

On April 21, 2010, Herman McMillan pled guilty to Counts 1, 2 and 3 of a Superseding Bill of Information. (Doc. 103). He was charged in Count 1 with conspiracy to possess with intent to distribute 50 grams or more of cocaine base and cocaine hydrochloride and a quantity of heroin and marijuana in violation of 21 U.S.C. § 846. Count 2 he was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Rec. Doc. 91). Finally he pled guilty to having a prior felony drug conviction which was filed pursuant to 21 U.S.C. § 851.

Based on his guilty plea as to these charges, he faced a sentence of 240 months to life as to Count 1 and not more than 120 months as to Count 2. At the time of his guilty plea, McMillan signed a written factual basis that outlined the facts that the Government would have been able to prove if the case had gone to trial concerning his role in the drug conspiracy and his illegal possession of a firearm. (Rec. Doc. 106). In the factual basis, McMillan acknowledged that he should be held accountable for more than 50 grams but less than 150 grams of cocaine base

("crack"), less than a kilogram of marijuana, and a negligible amount of heroin and cocain hydrochloride. (Rec. Doc. 106).

Prior to sentencing, the United States Probation Office conducted a pre-sentence investigation and calculated the defendant's guidelines to be 57 to 71 months[1] in prison (Doc. 312), but indicated that the defendant had pled to a drug crime which carried a mandatory minimum sentence of 240 months. Thus, the guideline sentence was 240 months pursuant to U.S.S.G. § 5G1.1(b).

On June 27, 2012, McMillan filed a motion seeking retroactive application of the guidelines for crack cocaine offenses (Rec. Doc. 347). This motion is still pending but is rendered moot by the instant motion which was filed on June 5, 2013 pursuant to 28 U.S.C. § 2255.

**Legal Standard–28 U.S.C § 2255**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a). As with the writ of habeas corpus, only a narrow set of claims is cognizable with respect to a section 2255 motion. *See* 28 U.S.C. § 2241, 2254. The four bases contained in the statute are:

(1)  the sentence was imposed in violation of the constitution or laws of the United States;

---

[1] The Government notes that the initial Presentence Report which was prepared on July 1, 2010 calculated the defendant's guideline range to be 87 to 108 months in prison. This report was revised on November 23, 2011 and took into account the more lenient guideline ranges for crack cocaine.

> (2)   the court was without jurisdiction to impose the sentence;
> (3)   the sentence exceeds the statutory maximum sentence; or
> (4)   the sentence is "otherwise subject to collateral attack.

28 U.S.C. §2255(a).  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

As mandated by Rule 4 of the Rules Governing Section 2255 Proceedings, the court must examine a § 2255 motion promptly and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Rules Governing Section 2255 Proceedings 4(b).  If not, then the United States attorney must be ordered to file a response.  *Id.*  Should the court find that there is a need to expand the record, with good cause shown, limited discovery can be authorized.  Rules Governing Section 2255 Proceedings, Rule 6-7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted Rules Governing Section 2255 Proceedings, Rule 8.  Under the statute, an evidentiary hearing must be held unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.  28 U.S.C. §2255(b).  No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Caston*, 2013 WL

3933400 (E.D.La.  July 30, 2013) (Vance, J.),  citing  *United States v.  Edward*, 442 F.3d 258, 264 (5th Cir.  2006) (quoting *United States v.  Cervantes*, 132 F.3d 1106, 1110 (5th Cir.  1998).

As stated by Judge Vance in *Caston*:

> Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence.  *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir.  1980).  For certain "structural" errors, relief follows automatically once the error is proved.  *See Burgess v.  Dretke*, 350 F.3d 461, 472 5th Cir.  2003).  For other "trial" errors, the court may grant relief on if the error "had substantial and injurious effect or influence" in determining the outcome of the case.  *Brecht v.  Abrahmson*, 507 U.S. 619, 637 (1993); *see also Unite States v.  Chavez*, 193 F.3d 375, 379 (5th Cir.  1999) (applying *Brecht'*s harmless error standard in a § 2255 proceeding).  If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. §2255(b).

*Caston,* 2013 WL 3933400 at *2.

### Fair Sentencing Act and Its Application

Congress enacted the Fair Sentencing Act ("FSA") on August 3, 2010.  It increased the amount of crack cocaine that triggers the 5-year mandatory minimum sentence for 5 grams to 28 grams and increased the amount of crack cocaine that triggers the 10-year mandatory minimum sentence from 50 grams to 280 grams.  21 U.S.C. §841.  The United States Court of Appeals held that "the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment."  *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir.  2011).  However, the Supreme Court abrogated this decision with *Dorsey v.  United States*, ___ U.S. ___, 132 S. Ct.  2321 (2012).  The Supreme Court analyzing six considerations, taken together, held that "Congress intended the Fair Sentencing Act's more lenient penalties to

apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." *Id.* at 2331.

Based on the Fair Sentencing Act, the Government maintains that McMillan's guilty plea to Counts 1 and 3 of the superseding bill of information is now a conviction for which the statutory sentencing range is 120 months to life, not 240 month to life in prison.  His conviction as to Count 2 (felon in possession of a firearm) still carries a sentence of not more than 120 months in prison.  The Court finds that McMillan qualifies for relief pursuant to the Supreme Court's decision in *Dorsey.*   The Court notes that the present guidelines call for a sentence between 57 and 71 months for McMillan with which calculation the Government agrees.  Accordingly,

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody (Doc.  376)  is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. §3582 (Rec.  Doc.  347)  is **MOOT**.

**IT IS FURTHER ORDERED** that a resentencing hearing shall be held on **October 16, 2013 at 3:00 p.m.**

New Orleans, Louisiana, this 9th day of September, 2013.

_____
**STANWOOD R.  DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**